FIRST DEPARTMENT, JANUARY, 2000

(January 27, 2000)

■ GEORGE MORRELLO, Appellant, v NATIONAL RAILROAD PASSENGER CORP., Respondent. [702 NYS2d 280] —Judgment, Su-

preme Court, New York County (Dominick Viscardi, J.), entered July 10, 1998, upon a jury verdict in plaintiff's favor for $1,850, unanimously modified, on the law, the matter remanded for a new trial only on the issue of defendant's liability under the Federal Boiler Inspection Act, and otherwise affirmed, without costs.

Plaintiff, a yard conductor employed by defendant carrier, was injured while helping to move an empty train with two adjoining locomotives from a train yard to Penn Station. En route, the automatic braking system engaged. Plaintiff was dispatched to check the hoses between the locomotives. Upon discovering that, in fact, two hoses had decoupled, he prepared to climb up on one locomotive in order to travel through it to reach the location of the decoupling. However, as he started to climb the ladder, one foot slipped on the ballast from which he had stepped toward the ladder, whereupon plaintiff fell backward and he sustained injuries. Plaintiff's entitlement to recover under the Federal Employer's Liability Act is not in issue, nor do we disturb that verdict.

Boiler Inspection Act (45 USC) § 23, in effect at the time, states in pertinent part that "[i]t shall be unlawful for any carrier to use or permit to be used on its line any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put". Plaintiff offered evidence, countered by defendant's employee, that the hoses were too short, causing the emergency brake to engage. Plaintiff's theory in support of the Boiler Inspection Act claim is that the condition of the hoses caused the decoupling and the braking, requiring plaintiff's presence at the location where he was hurt. In refusing to submit the claim to the jury, the trial court concluded that the condition of the air hoses was not the causative agent of the injury, which resulted solely from climbing the ladder. However, this, properly, was a factual issue for the jury. Concur—Tom, J. P., Rubin, Andrias and Buckley, JJ.